```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**Robert Grundstein,**

      **Plaintiff,**

    **vs.**                                      **Civil Action 2:11-CV-624**
                                                       **Judge Watson**
                                                       **Magistrate Judge King**

**State of Ohio, et al.,**

      **Defendants.**

## OPINION AND ORDER

Plaintiff, proceeding *pro se*, challenges the constitutionality of the Ohio's vexatious litigator statute, O.R.C. § 2323.52, and the Ohio Supreme Court's vexatious litigator rule, Ohio S.Ct.Prac.R. 14.5(B). Plaintiff alleges that the application of the law and the rule to him has unlawfully foreclosed to him all access to Ohio courts.[1] Named as defendants are the Ohio Attorney General and the Chief Justice and Associate Justices of the Ohio Supreme Court. This matter is now before the Court on *Defendants' Motion to Stay Further Pleading*, Doc. No. 13. Plaintiff opposes that motion. *Response to Defense Motion in Opposition and Motion to Stay,* Doc. No. 15.

In response to the *Amended Complaint*,[2] defendants filed a *Motion to Dismiss*, Doc. No. 6, which challenges this Court's subject matter jurisdiction over plaintiff's claims, as well as the legal sufficiency of those claims. *See* Fed. R. Civ. P. 12(b)(1), (6). Plaintiff thereafter filed a motion to strike the *Motion to Dismiss*, *Response and*

---

[1] Although plaintiff's *Motion to Strike*, Doc. No. 9, insists that this action challenges only Ohio S.Ct.Prac.R. 14.5(B), the *Complaint* also expressly "asks that all enforcement of all rulings against [plaintiff] pursuant to Ohio Revised Code Section[] 2323.52 (vexatious litigator statute) be enjoined." *Complaint*, p. 2.

[2] The *Amended Complaint*, Doc. No. 3, merely corrects certain alleged typographical errors in the original *Complaint*, Doc. No. 1.

*Motion to Strike,* Doc. No. 9, as well as a motion to further amend the complaint to join the Clerk of the Ohio Supreme Court as an additional defendant. *Motion to Amend Complaint, Join Party and Consolidate Documents, etc.*, Doc. No. 11.

The *Motion to Stay Further Pleading* asks that "the Court stay any further pleading by either party pending resolution of the jurisdictional arguments raised in" the *Motion to Dismiss*. *Id*. at 2. Federal trial courts possess the inherent authority to manage their own dockets, *see Clinton v. Jones*, 520 U.S. 681, 706-07 (1997), and a request for a stay is ordinarily committed to the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981). In exercising that discretion, a court must take into account both the needs of the litigants and the broader societal interests implicated by the litigation and the request for a stay. *Williams v. New Day Farms, LLC*, 2010 WL 3522397, *1 (S.D. Ohio September 7, 2010)(citing *Marrese v. American Academy of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). Considering those factors, the Court concludes that a stay of this action pending resolution of the *Motion to Dismiss* is warranted.

The *Motion to Dismiss,* which does not depend on discovery for resolution and which is potentially dispositive of the entire litigation, is now ripe for consideration by the Court. Plaintiff has not articulated any persuasive reason why he would be prejudiced by a stay of the proceedings pending resolution of that motion. Under these circumstances, continued litigation of the action, which necessarily demands the attention of all the Justices of the Ohio Supreme Court, does not serve the broader interests of society. The Court therefore concludes that a stay of proceedings pending resolution of the *Motion to Dismiss* is warranted.

**WHEREUPON** *Defendants' Motion to Stay Further Pleading*, Doc. No. 13, is **GRANTED**.

All further proceedings are **STAYED** pending resolution of defendants' *Motion to Dismiss*.

*s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

March 9, 2012
(Date)